Cite as 2019 Ark. App. 339

# ARKANSAS COURT OF APPEALS

**No.** CV–18–975

| | |
|---|---|
| TERESA G. GENZ, ET AL., | **Opinion Delivered:** July 17, 2019 |
| APPELLANTS | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NOS. 72-CV-16-1044 & 72-PR-17-501] |
| V. | |
| AMY CARTER-COOKSEY F/K/A AMY L. CARTER, INDIVIDUALLY AND AS TRUSTEE OF THE JAMES E. COOKSEY TRUST U/T/D MARCH 11, 2010 | HONORABLE DOUG MARTIN, JUDGE |
| APPELLEE | REBRIEFING ORDERED |

PER CURIAM

Appellee, Amy Carter-Cooksey, individually and as trustee of the James E. Cooksey Trust, filed a motion to strike the brief submitted by appellants, as well as a motion requesting additional time to file her brief. Appellee contends that appellants did not comply with Arkansas Supreme Court Rule 4–2(a)(5), which provides in pertinent part:

> (5) *Abstract.* The appellant shall create an abstract of the material parts of all the transcripts (stenographically reported material) in the record. Information in a transcript is material if the information is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal.
>
>  . . . .
>
> (B) *Form.* The abstract shall be an impartial condensation, without comment or emphasis, of the transcript (stenographically reported material). The abstract must not reproduce the transcript verbatim. No more than one page of a transcript shall be abstracted without giving a record page reference. In abstracting testimony, the first person ("I") rather than the third person ("He or She") shall be used. The question-and-answer format shall not be used. In the extraordinary situations where a short exchange cannot be converted to a first-person narrative without losing

important meaning, however, the abstract may include brief quotations from the transcript.

Rather than condensing and abstracting the transcript in the first person, appellants included lengthy, verbatim quotations in question-and-answer format in the abstract. Appellants reduce the 753-page trial transcript to a 475-page abstract, yet an overwhelming portion of the abstract is a verbatim replication of the trial transcript.

We agree that appellants' abstract does not comply with Arkansas Supreme Court Rule 4-2, and although we decline to strike appellants' brief as requested by appellee, we do order appellants to file a substituted brief, curing the deficiencies in the abstract within thirty days from the date of entry of this order. After service of the substituted brief, appellee shall have the opportunity to file a responsive brief within thirty days. While we have noted the above-mentioned deficiency, we encourage appellants' counsel to review Rule 4-2 in its entirety as it relates to the abstract and addendum, as well as the entire record, to ensure that no additional deficiencies are present.

Rebriefing ordered.

*Tamra Cochran, P.A.*, by: *Tamra Cochran*, for appellants.

*Smith, Cohen & Horan, PLC*, by: *Matthew T. Horan*; and *Everett Law Firm*, by: *John C. Everett*, for appellee.