Cite as 2019 Ark. App. 479

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR-19-67

| | |
|---|---|
| TERRELL DESHAWN THOMAS<br>APPELLANT | **Opinion Delivered:** October 23, 2019 |
| | APPEAL FROM THE GARLAND<br>COUNTY CIRCUIT COURT<br>[NO. 26CR-16-567] |
| V. | |
| | HONORABLE MARCIA R.<br>HEARNSBERGER, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | REBRIEFING ORDERED |

## PHILLIP T. WHITEAKER, Judge

Appellant Terrell Thomas was charged with one count of aggravated robbery. Thomas ultimately pled guilty to the charge and opted to be sentenced by a jury. After a hearing, a Garland County jury sentenced Thomas to twenty-five years in the Arkansas Department of Correction. On appeal, Thomas's sole argument is that the circuit court abused its discretion in allowing the State to introduce evidence of two other aggravated robberies with which he had been charged but not yet convicted of. We are unable to address the merits of Thomas's argument at this time, however, due to deficiencies in Thomas's abstract.

Arkansas Supreme Court Rule 4-2(a)(5) provides that an appellant shall create an abstract of the material parts of all the transcripts in the record. Rule 4-2(a)(5)(B) specifically states that the "abstract must not reproduce the transcript verbatim" and that "[i]n abstracting

testimony, the first person ("I") rather than the third person ("He or She") shall be used. The question-and-answer format shall not be used." Thomas's abstract is a verbatim reproduction of the transcript and is submitted entirely in question-and-answer format.[1] This is expressly forbidden by Rule 4-2(a)(5)(B). *See Genz v. Carter-Cooksey*, 2019 Ark. App. 339, at 2; *Williams v. State*, 2017 Ark. App. 663, at 2.

We therefore order rebriefing and direct Thomas to file a substituted brief that cures these deficiencies within fifteen days pursuant to Rule 4-2(b)(3). After service of the substituted brief, the State shall have the opportunity to revise or supplement its brief, or the State may choose to rely on the brief previously filed in this appeal. While we have noted the above-described deficiencies, we strongly encourage counsel to review our rules to ensure that no other deficiencies are present.

Rebriefing ordered.

GRUBER, C.J., and VAUGHT, J., agree.

*T. Clay Janske*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.

---

[1]We also note that Thomas has entirely failed to abstract portions of his sentencing hearing. The State, however, has submitted a supplemental abstract that provides the testimony omitted in Thomas's brief.